UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCAL PAPER MILLS, INC.,

                Plaintiff,

v.

BAY WEST PAPER CORP. and
MOSINEE PAPER CORPORATION,

                Defendants.

Case No. 90-CV-1094-JPS

ORDER

On June 26, 1991, this court entered a consent judgment resolving a trademark dispute involving the above-captioned parties. The consent judgment set forth several findings of fact and conclusions of law, the currently relevant findings and conclusions being the following:

    2.    Plaintiff Marcal Paper Mills, Inc., …is the owner of the trademark ECO for paper towels, paper napkins, toilet issue and facial tissue and of federal trademark Registration No. 950,808 for said mark and goods, which has become incontestable under 15 U.S.C. § 1065.

    3.    As between plaintiff and defendant, plaintiff has priority of its use of its ECO mark.

              …

    5.    Defendants are permanently enjoined from any use of the discrete term "ECO" (in any style of lettering) as a trademark, trade name, trade dressing, or design on or in connection with its paper products or the packaging thereof, or any advertising or promotional materials relating thereto.

    6.    …Defendants…are hereby permanently enjoined from using the trademark "EcoSoft" on paper products sold or distributed…, but Bay West shall have the right to use the word "EcoSoft" (one word)…on paper products

> sold or distributed through institutional or industrial channels. In addition, defendants shall include the legend "Not for retail sale" on its individual packaging for its "EcoSoft" product.
>
> 7. Defendants are enjoined from applying for federal or state registration of the word "EcoSoft" as a trademark.…

This matter comes before the court on a joint motion filed by the successors-in-interest to the parties to the consent judgment. (Dockets #55, #59). In the motion, Marcal Paper Mills, LLC, as successor-in-interest to plaintiff Marcal Paper Mills, Inc., Wausau Paper Towel and Tissue, LLC, as successor-in-interest to defendant Bay West Paper Corporation, and Wausau Paper Mills, LLC, as successor-in-interest to defendant Mosinee Paper Corporation, seek to amend certain provisions of the 1991 consent judgment. Specifically, they wish to eliminate: (1) the requirement that defendants mark their "EcoSoft" products as "not for retail sale"; and (2) the defendants' prohibition from applying for a registration of "EcoSoft" as a trademark. The impetus for this amendment is that, in 2003, Marcal Paper Mills, Inc., declined to renew United States Registration No. 950,808, and the registration for the ECO mark has, therefore, expired. The parties maintain that this change of circumstances renders the provisions they wish to eliminate inequitable.

Under Federal Rule of Civil Procedure 60, the court may relieve a party from a final judgment if "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(5), (6). A party seeking modification has the initial burden of showing that a significant change in fact or law warrants revision; once that initial

burden is satisfied, it is incumbent upon the court to consider whether the proposed modification is "suitably tailored to the altered circumstances." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992).

In this case, the movants have shown a significant change in fact, namely, that the ECO mark has expired and is no longer enforceable. Thus, the purpose of the consent judgment, which was to protect plaintiff's rights to its mark, is not longer applicable. The court further finds that the proposed modifications are suitably tailored to the altered circumstances, as they eliminate restrictions from what is now indisputably lawful activity.

Accordingly,

IT IS ORDERED that the joint motion to amend consent judgment (Docket #55) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that the consent judgment dated June 26, 1991, be and the same is hereby modified as follows: the provision in paragraph 6 stating that "defendants shall include the legend 'Not for retail sale' on its individual packaging for its 'EcoSoft' product" is eliminated; and the provision in paragraph 7 stating "[d]efendants are enjoined from applying for federal or state registration of the word 'EcoSoft' as a trademark" is eliminated.

Dated at Milwaukee, Wisconsin, this 26th day of December, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge